UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LUIS OLIVERA | : | |
| | : | C.A. No. 05-069S |
| vs. | : | CR. No. 03-70-01S |
| | : | |
| UNITED STATES OF AMERICA | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255

## I. INTRODUCTION:

Petitioner Luis Olivera has moved to vacate his sentence under 28 U.S.C. § 2255. His motion should be denied as premature.

## II. ARGUMENT:

Petitioner's direct appeal of his District Court sentencing is still pending in the First Circuit Court of Appeals. (First Circuit Court docket record attached.) Government's counsel has also conferred with the U.S. Attorney's Office appellate counsel who has verified this. In fact on March 11, 2005 the First Circuit has invited supplemental briefing on any Booker issues.

This Court should await the 1st Circuit's decision on the appeal before considering the § 2255 motion. A decision in the Court of Appeals could render this motion res judicata or moot.

Petitioner has raised these issues in the Court of Appeals.

1. Whether the district court properly found that defendant's conduct in trafficking cocaine for guns made the guns connected to the underlying

drug offenses for purposes to the four level enhancement in U.S.S.G. 2K2:1(b)(5)

2. Whether the four level enhancement requires reversal under Blakely.

3. Ineffective assistance of counsel.

A decision favorable to petitioner or any one of these issues could result in the sentence being vacated.

## III. CONCLUSION:

Petitioner's motion should be denied.

Respectfully submitted

UNITED STATES OF AMERICA
By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ZECHARIAH CHAFEE
Assistant U.S. Attorney

## CERTIFICATION OF SERVICE

I hereby certify that on this 1st day of June, 2005 a copy of the within Government's Memorandum in Support of it's Objection to Petitioner's Motion to Vacate, Set Aside or Correct, by mail by regular mail, postage pre-paid, to:

Luis Olivera, ID #99710
Intake Service Center, E. Mod 115B
P.O. Box 8249
Cranston, RI 02920

If you view the full docket, you will be charged for 8 Pages $ 0.64

# US Court of Appeals for the First Circuit
## Case Summary

Court of Appeals Docket #: 04-1278 Filed: 3/1/04
Nsuit: 0 (Criminal or NOT SET)
US v. Olivera
Appeal from: U.S. District Court for the District of Rhode Island

Lower court information:
District: 0103-1 : 03-00070 lead: 03-00070
Ordering Judge: William E. Smith, Judge

| | |
|---|---|
| 12/6/04 | ELECTRONIC DOCUMENT (brief on disk) filed by Appellee US. [04-1278] (bety) |
| 12/7/04 | ELECTRONIC DOCUMENT (brief on disk) filed by Appellant Luis Olivera. [04-1278] (bety) |
| 1/14/05 | Briefing Complete. [04-1278] (frnk) |
| 3/11/05 | ORDER entered. In light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Antonakopoulos, ___ F.3d ___, 2005 WL 407365 (1st Cir. Feb. 22, 2005), we invite supplemental briefing as follows. If defendant is seeking a remand to the district court for resentencing in light of Booker and Antonakopoulos, defendant is directed to file and serve a supplemental brief, not to exceed 10 pages, within 10 calendar days of this order, in compliance with applicable rules concerning briefing, and addressing the following issues: 1. The brief should indicate, with references to the record, whether and, if so, how the alleged Booker error was preserved below. See Antonakopoulos, 2005 WL 407365, at * 6. 2. If the error was not preserved below or there is a dispute about whether the error was preserved, defendant should specify, in accordance with the standards set forth in Antonakopoulos, the circumstances warranting a remand including in particular those creating a reasonable probability that the district court would impose a more favorable sentence under non-mandatory Guidelines and other applicable factors. 3. The government shall file a response, in compliance with the applicable rules, not to exceed 10 pages, within 10 calendar days of service of the defendant's supplemental brief. If the government concedes that the alleged error was preserved below but does not concede that the sentence should be vacated and remanded, the government should demonstrate why the alleged error was harmless. 4. In both filings, citations to the record should be included where possible. The defendant's brief is free to proffer pertinent facts not in the record and the government is free to counter proffer. This invitation is without prejudice to a decision by the panel as to what significance should be attached to such proffers. [04-1278] (myra) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/01/2005 14:50:10 | | | |
| **PACER Login:** | us0556 | **Client Code:** | |
| **Description:** | dkt summary | **Case Number:** | 04-1278 |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |